■ M.R. EASON & COMPANY, LTD., et al., Respondents, v SHELDON GOLUB, Appellant.—Judgment, Supreme Court, New York County (Carol Huff, J.), entered November 13, 1990, after a bench trial, in favor of plaintiffs M.R. Eason & Company, Ltd. and S. Robert Lee and against defendant Sheldon Golub in the amount of $175,000, plus interest thereon, unanimously affirmed, with costs. The appeal from the order of the same court and Justice, entered October 19, 1990, is dismissed, as having been subsumed in the appeal from the aforesaid judgment.

In the underlying action, plaintiffs seek to recover $175,000 pursuant to a written agreement for a finder's fee in connection with the purchase by defendant Golub of the stock of Worcester Quality Foods ("Worcester"), a subsidiary of Farm House Foods. In his answer, defendant Golub counterclaimed

for rescission of the written retainer agreement between the parties based upon mutual mistake and failure of consideration. After a bench trial, the court awarded judgment in favor of the plaintiffs, finding that, in signing the retainer agreement, defendant Golub had agreed to pay the plaintiffs a finder's fee of $175,000 in the event the defendant or any company he was affiliated with purchased all or part of Worcester's assets or stock, which defendant Golub did, in fact, purchase on January 12, 1989.

Upon examination of the record, we find that the IAS court properly rejected defendant Golub's demand for rescission of the retainer agreement based upon mutual mistake as to the net worth of Worcester at the time the retainer agreement was signed since the clear language of the confidentiality agreement, executed by defendant Golub prior to or contemporaneously with the retainer agreement, explicitly stated that the plaintiffs made no representations, express or implied, concerning the value of Worcester. *(Babylon Assocs. v County of Suffolk,* 101 AD2d 207, 215.)

In any event, defendant has failed to establish grounds for rescission based on mutual mistake where the record reveals that he only executed the retainer and confidentiality agreements after a full opportunity to discuss the terms thereof and consult with his attorney.

Similarly, since defendant Golub, in executing the retainer and confidentiality agreements, received what he bargained for, financial information concerning Worcester, the retainer agreement may not be rescinded on the ground of failure of consideration *(Fugelsang v Fugelsang,* 131 AD2d 810).

Finally, defendant has failed to provide independent evidence to support his claim that the plaintiffs should be equitably estopped from enforcing the retainer agreement by the plaintiffs' alleged oral agreement to accept a reduced finder's fee *(Babylon Assocs. v County of Suffolk,* 101 AD2d 207, 214, supra).

Based upon the foregoing, we find that the plaintiffs earned their finder's fee by introducing the seller and purchaser of the Worcester shares *(Minichiello v Royal Business Funds Corp.,* 18 NY2d 521, *cert denied* 389 US 820). Concur—Milonas, J. P., Ellerin, Kupferman and Asch, JJ.