■ FLEET FACTORS CORP., by Its AMBASSADOR FACTORS DIVISION, Plaintiff, v VAN DORN RETAIL MANAGEMENT, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. PRINCIPE IMPORTS, INC., et al., Third-Party Defendants-Respondents-Appellants.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered May 23, 1991, which, to the extent appealed from, granted so much of third-party defendants' motion as sought summary judgment dismissing third-party plaintiff's fraud cause of action, and denied so much of that motion as sought leave to amend the third-party defendants' answer, unanimously affirmed, without costs.

We affirm the dismissal of the fraud cause of action, although for reasons other than that stated by the IAS court.

Despite the completion of substantial discovery, third-party plaintiff has failed to provide any evidentiary basis for its claim that third-party defendants knowingly made a false representation with intent to deceive it and upon which it justifiably relied *(Jo Ann Homes v Dworetz,* 25 NY2d 112, 119). The record shows no reason to suspect any deviation from the contract until the results of the independent laboratory test became known. Third-party plaintiff's principal admitted that he had no idea whether third-party defendants were aware of the alleged nonconformity prior to disclosure of that test result, and that one of its own clients attributed the problems to mistakes and inefficiencies. Within weeks, third-party defendants had coats re-labeled to reflect the lesser cashmere content indicated by the independent test, and third-party plaintiff accepted delivery of these coats as well.

There was no abuse of discretion in denying leave to amend the answer, given that the motion was made more than a year after the completion of discovery and on the eve of trial, and without any viable explanation proffered for such delay *(Balport Constr. Co. v New York Tel. Co.,* 134 AD2d 309). Moreover, we perceive no necessity for affirmatively pleading the proposed defenses of lack of damages and immateriality of the breach (CPLR 3018 [b]), where the inverse of these propositions are elements of third-party plaintiff's claim. As to the remaining proposed affirmative defenses, those of waiver and estoppel, third-party plaintiff could well be prejudiced by their assertion after the completion of discovery. Concur—Carro, J. P., Rosenberger, Ellerin, Kassal and Rubin, JJ.