■ HIGHMOUNT OLYMPIC FUND, LLC, Plaintiff, v PIPE EQUITY PARTNERS, LLC, et al., Defendants. PIPE EQUITY PARTNERS, LLC, Respondent, v HIGHMOUNT OLYMPIC FUND, LLC, Appellant. [940 NYS2d 49]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered December 17, 2010, which, in this consolidated action, denied the motion of Highmount Olympic Fund, LLC to dismiss the complaint of PIPE Equity Partners, LLC pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in Highmount's favor dismissing the complaint.

Equity Partners seeks to rescind an investment agreement based on a mutual mistake where the value of the in kind investment contribution that it accepted from Highmount turned out to be less than was represented.

Insofar as the alleged mistake was as to the value of Highmount's interest in AJW, the complaint fails to state a cause of action, for two reasons. First, where there is a mutual mistake as to valuation, as opposed to the subject of the parties' exchange, rescission or restitution is not warranted (*In re Leslie Fay Cos., Inc. Sec. Litig.*, 918 F Supp 749, 771 [SD NY 1996]). The parties here were not mistaken as to the subject of the exchange: a Class B limited liability interest in AJW for a membership interest in PIPE (*compare Simkin v Blank*, 80 AD3d 401, 403 [2011] [parties were mistaken about the actual existence of an account, not about its value]). Second, the parties' agreement says that PIPE is not relying on any representations, warranties, or statements by Highmount, except for a representation that is not at issue in this case, and that the value of Highmount's interest in AJW is that ascribed to it by nonparty AJW Manager, LLC, not by Highmount (*see M.R. Eason & Co. v Golub*, 177 AD2d 368 [1991]). Concur—Mazzarelli, J.P., Friedman, Acosta, Freedman and Abdus-Salaam, JJ.