IKB Deutsche Industriebank AG v Credit Suisse Sec. (USA) LLC (2020 NY Slip Op 06452)





IKB Deutsche Industriebank AG v Credit Suisse Sec. (USA) LLC


2020 NY Slip Op 06452


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 653122/11, 653964/12 Appeal No. 12375N-12375NA Case No. 2019-5343 

[*1]IKB Deutsche Industriebank AG et al., Plaintiffs-Appellants,
v
Credit Suisse Securities (USA) LLC Formerly Known as Credit Suisse First Boston LLC et al., Defendants-Respondents.
IKB International S.A. in Liquidation et al., Plaintiffs-Appellants,
v
Morgan Stanley, et al., Defendants-Respondents.


McFerrin-Clancy P.C., New York (John J.D. McFerrin-Clancy of counsel), and Schlam Stone & Dolan LLP, New York (Richard H. Dolan of counsel), for appellants.
Davis Polk & Wardwell LLP, New York (James P. Rouhandeh of counsel), for Morgan Stanley, Morgan Stanley & Co. LLC, Morgan Stanley Mortgage Capital Holdings LLC, Morgan Stanley Capital I Inc., Morgan Stanley ABS Capital I Inc., Saxon Funding Management LLC and Saxon Asset Securities Company, respondents.
Orrick, Herrington & Sutcliffe LLP, New York (John Ansbro of counsel), for Credit Suisse Securities (USA) LLC, Credit Suisse Holdings (USA), Inc., Credit Suisse (USA), Inc., Credit Suisse First Boston Mortgage Acceptance Corp., Credit Suisse Financial Corp., Credit Suisse First Boston Mortgage Securities Corp., Credit Suisse Management LLC, Asset Backed Securities Corp. and DIJ Mortgage Capital, Inc., respondents.



Orders, Supreme Court, New York County (Marcy S. Friedman, J.), entered July 8, 2019, which, based on the so-ordered transcript dated April 9, 2019, denied plaintiffs' motion for leave to amend their complaints to allege rescission based on mutual mistake, unanimously affirmed, with costs.
The motion court providently exercised its discretion in denying leave to amend the complaints to allege a cause of action for rescission based on mutual mistake (see CPLR 3025[b]; Fleet Factors Corp. v Van Dorn Retail Mgt., 180 AD2d 556, 557 [1st Dept 1992]).
We need not decide whether a rescission claim based on mutual mistake may be pleaded as an alternative claim in securities fraud actions. Assuming that such a claim may be pleaded in the alternative, a plaintiff still must allege the existence of an "agreement as expressed, in some material respect, [which] does not represent the meeting of the minds of the parties" (Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 453 [1993] [internal quotation marks omitted]; see Simkin v Blank, 19 NY3d 46, 52-53 [2012]).
Here, the proposed rescission claim incorporates by reference the other allegations in the proposed amended complaints, and alleges that the parties mistakenly assumed the accuracy of the statements in the Offering Documents regarding the "quality" of the loans and the originators' adherence to underwriting guidelines, which were "material, substantial and essential terms of Defendants' sale of the [RMBS] to Plaintiffs." The proposed amended complaints failed to allege what agreement incorporated the representations and statements in the offering materials, which also are the basis of plaintiffs' fraud claims. Plaintiffs do not cite to any agreement, oral or written, that encapsulates any mistaken assumptions or statements. They do not allege the Offering Materials are the contracts, and do not allege that any other agreement incorporated any terms of the Offering Documents. While the complaint might support a fraud claim, fraud actions stem from duties existing under tort law, and unlike the equitable relief of rescission, do not require allegations that contractual duties existed, and none are alleged in the proposed amended complaint (see e.g. Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 390 [1987]).
The motion court also properly reasoned that the proposed amended complaint alleges only a mutual mistake based on valuation, which does not warrant rescission (Highmount Olympic Fund, LLC v PIPE Equity Partners, LLC, 93 AD3d 444, 445 [1st Dept 2012], lv dismissed 19 NY3d 1084 [2012]). The proposed amended complaints allege only that plaintiffs paid a purchase price that far exceeded what the certificates actually were worth, and that once the true nature of the credit risk materialized, the market value of the certificates declined, all of which goes to valuation, not to whether they received the agreed up on certificates (see Simkin, at 54-55).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020