(November 18, 1991)

■ ALMIMA PARTNERS, Respondent, v JAMES C. GHERARDI, Appellant.—In an action to recover damages for breach of a contract for the sale of real property, the defendant purchaser appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated May 12, 1989, which granted the plaintiff's motion for summary judgment (1) in the amount of $27,500 on the first cause of action, and (2), as to liability only, on the second and third causes of action, and directed a trial on the issue of damages.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, where a purchaser is in breach of a contract for the sale of real property, the seller is not limited to actual damages and can recover the entire down payment from the purchaser (see, *Maxton Bldrs. v Lo Galbo,* 68 NY2d 373; *Palmiotto v Mark,* 145 AD2d 549). In the case at bar, the $27,500 claimed by the plaintiff in the first cause of action represented the second half of the down payment which was payable on the seller's obtaining a building permit, the first half having already been paid on execution of the contract. The record indicates that the seller did obtain the building permit as required by the contract. Therefore the court properly awarded the plaintiff the principal sum of $27,500, upon the unrebutted showing that the defendant breached the underlying contract of sale.

We additionally conclude that the Supreme Court properly ordered a trial to determine the amount of additional damages to which the plaintiff is entitled, if any (see, *DeJong v Mandelbaum,* 122 AD2d 772, 775; see also, *Lotito v Mazzeo,* 132 AD2d 650; *Colonial Diversified v Assured Holding Corp.,* 71 AD2d 1011). Mangano, P. J., Kunzeman, Sullivan and Ritter, JJ., concur.