■ KENNETH GORDON, Respondent, v PATCHOGUE SURGICAL Co., INC., et al., Appellants, et al., Defendants. [636 NYS2d 107] —In an action to recover damages, *inter alia*, for breach of contract, the defendants Patchogue Surgical Co., Inc., Medical Home Supplies, Inc., and Robert M. Rubin appeal from a judgment of the Supreme Court, Suffolk County (O'Shaughnessy, J.H.O.), dated September 19, 1994, which, *inter alia*, is in favor of the plaintiff and against the defendants Patchogue Surgical Co., Inc., and Medical Home Supplies, Inc., in the principal sum of $250,445.33.

Ordered that the judgment is affirmed, with costs.

After a trial, the Supreme Court determined that the plaintiff had been discharged without cause from his position as Chief Executive Officer and President of the corporate defendants in violation of a written contract between the parties. The court awarded the plaintiff damages of $250,445.33 and 2,785,200 shares of stock. On appeal, the appellants argue that the court's finding that the plaintiff was discharged without cause is erroneous. The appellants contend that the plaintiff's discharge was for cause because the plaintiff withdrew some money from a corporate account for his personal use. The plaintiff contends that he earned, but was not paid, the money in question, pursuant to an oral contract with the defendants. The appellants contend that the oral contract was extinguished by the merger clause in the subsequently executed written contract between the parties. However, since this argument was not raised by the appellants at trial, it is not properly before this Court. In any event, the two contracts concerned different subject matters. Therefore, the merger clause in the written contract did not extinguish the oral contract (*see*, 22 NY Jur 2d, Contracts, § 419; *Frohman Amusement Corp. v Blinkhorn*, 178 App Div 431). Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.