■ MARTIN ELIAS, Respondent, v WAL-MART STORES, INC., Appellant. [637 NYS2d 781] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Schmidt, J.), entered November 1, 1994, as granted those branches of the plaintiff's motion which were for summary judgment on his first and second causes of action, denied those branches of its cross motion which were for summary judgment dismissing the first and second causes of action, and declared that the defendant was obligated to pay all legal fees and disbursements becoming due and owing upon the rezoning to retail commercial use of the real property located in the Town of Brookhaven as set forth in a retainer agreement dated June 19, 1992, between the plaintiff and the firm of Prudenti & Clayton.

Ordered that the order and judgment is modified, on the law, by (1) deleting therefrom the provision which granted that

branch of the plaintiff's motion which was for summary judgment as to his second cause of action and substituting therefor a provision denying that branch of the motion, (2) deleting therefrom the provision denying that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action and substituting therefor a provision granting that branch of the cross motion, and (3) adding to the fourth decretal paragraph thereof, after the words "Wal-Mart Stores, Inc. is" the word "not"; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

This appeal arises out of a Purchase Agreement by which the defendant Wal-Mart Stores, Inc., (hereinafter Wal-Mart) was to purchase certain real property owned by the plaintiff. The Purchase Agreement, dated February 12, 1993, provided for several "Conditions to Wal-Mart's Obligations", including approval of the agreement by Wal-Mart's Real Estate Committee. According to the Purchase Agreement, if such approval was not obtained within 120 days after the date of its execution, "Wal-Mart shall notify [the plaintiff] in writing .* * * then this Wal-Mart Condition shall not be fulfilled and at Wal-Mart's option, this Agreement shall be null and void and without further force and effect". The Purchase Agreement further provided for a $100,000 deposit, to be paid by Wal-Mart in two $50,000 payments following the expiration of the 120-day period. In addition, the Purchase Agreement contained a liquidated damages provision pursuant to which the plaintiff's "sole remedy" in the event of Wal-Mart's default was the retention of "the Deposit".

It is uncontroverted that Wal-Mart's Real Estate Committee never approved the Purchase Agreement and Wal-Mart never notified the plaintiff of this fact. Furthermore, it is uncontroverted that Wal-Mart did not pay to the plaintiff any portion of the $100,000 deposit. When Wal-Mart failed to make the first $50,000 deposit payment, the plaintiff declared Wal-Mart to be in default, terminated the Purchase Agreement, and commenced this action. The plaintiff thereafter moved for summary judgment and Wal-Mart cross-moved for similar relief.

The Supreme Court awarded summary judgment to the plaintiff on his first cause of action which sought $100,000 in damages pursuant to the aforementioned liquidated damages provision. The court also awarded summary judgment to the plaintiff on his second cause of action which sought to recover legal fees and disbursements which Wal-Mart had promised to pay in a Rider to the Purchase Agreement. In addition, the

court awarded Wal-Mart summary judgment dismissing the plaintiff's third cause of action which sought to recoup property taxes that Wal-Mart had promised to pay in paragraph 12 of the Purchase Agreement.

Contrary to Wal-Mart's contention, the Purchase Agreement was not automatically rendered null and void when the 120th day passed and approval by the Real Estate Committee had not been obtained. Indeed, the contractual language employed by the parties is unambiguous and compels the conclusion that Wal-Mart was required to notify the plaintiff in the event approval was not obtained. It was only "then" that "Wal-Mart's option" to declare the Agreement null and void arose. As noted by the Supreme Court, Wal-Mart's contention that the subject condition was a "self-effectuating condition precedent" is without merit since it renders meaningless Wal-Mart's "option" not to declare the Purchase Agreement null and void and thereby proceed with the purchase without approval by the Real Estate Committee (see, Med Mac Realty Co. v Lerner, 154 AD2d 656, 659).

Accordingly, since Wal-Mart defaulted in the performance of its obligations under the Purchase Agreement, the Supreme Court correctly determined that the plaintiff was entitled to recover the amount of "the Deposit" (i.e., $100,000) pursuant to the liquidated damages provision. Although the plaintiff did not actually possess the down payment and thus could not literally "retain" that deposit, this does not preclude him from recovering the amount to which he is entitled pursuant to the agreement (see generally, Almima Partners v Gherardi, 177 AD2d 611; Glen at Old Westbury v Day, 145 AD2d 533; Palmiotto v Mark, 145 AD2d 549). However, since the liquidated damage provision provided the plaintiff's "sole remedy" in the event of Wal-Mart's breach, the plaintiff is not entitled to recover damages for Wal-Mart's failure to pay the legal fees and disbursements pursuant to the Rider. O'Brien, J. P., Copertino, Santucci and Krausman, JJ., concur.