■ CINDY G. WATTENBERG, Respondent, v GARY WATTENBERG, Appellant. [716 NYS2d 383] —Order, Supreme Court, New York County·(Walter Tolub, J.), entered August 31, 1999, which to the extent appealed from as limited by the brief, declared that a Release and Indemnification Agreement entered into by the parties on March 18, 1985 was not vitiated by the Post-Nuptial Agreement entered into on November 2, 1995, unanimously affirmed, without costs.

We reject defendant's contention that the very general merger clause contained in the parties' Post-Nuptial Agreement voided the Release and Indemnification Agreement previously entered into by the parties. The Post-Nuptial Agreement, which concerns the issue of distribution of the parties' property and which was entered into for the purpose of modifying a previously entered into Ante-Nuptial Agreement, which also dealt solely with the issue of distribution of the parties' property, and the Release and Indemnification Agreement at issue, which concerns the issue of income taxes and income tax liability, are separate contracts, dealing with different subject matters and supported by independent consideration. The Post-Nuptial Agreement does not address the Release and Indemnification Agreement and the parties continued to abide by the terms of the Release and Indemnification Agreement after the execution of the Post-Nuptial Agreement. As such, it was demonstrated that the intention of the parties was for the Release and Indemnification Agreement to survive the Post-Nuptial Agreement (*see, Gordon v Patchogue Surgical Co.*, 222 AD2d 651). Concur—Rosenberger, J. P., Tom, Wallach, Rubin and Saxe, JJ.