131 HEARTLAND BLVD. CORP. et al., Respondents-Appellants, v C.J. JON CORP., Appellant-Respondent. [921 NYS2d 94]—

The appeal and cross appeal from the intermediate order must

be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

The parties entered into a contract for the sale of certain real estate. A rider to the contract provided that the down payment would be made in two installments of $212,500 each. The defendant contends that, in the event of its default, the plaintiffs were only entitled to recover the first installment, which had already been paid. This contention is without merit.

When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations (*see Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860 [2007]; *Correnti v Allstate Props., LLC*, 38 AD3d 588 [2007]). The court's role is limited to interpretation and enforcement of the terms agreed to by the parties, and the court may not rewrite the contract or impose additional terms which the parties failed to insert (*see Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith*, 85 NY2d 173, 182 [1995]; *Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d 446 [2006]). Here, the amount of the down payment as set forth in the contract was $425,000 and, pursuant to the contract, the plaintiffs were permitted to recover that amount in the event of a default by the defendant (*see Elias v Wal-Mart Stores*, 224 AD2d 479 [1996]).

The defendant's contention that it was not in default when it cancelled the contract is without merit. The defendant allegedly cancelled the contract due to the plaintiffs' delay in obtaining a fully executed lease modification agreement, which was a contractual contingency that had to be satisfied prior to closing. The defendant cancelled the contract just over a month before the closing date. Neither the contract nor the rider made time of the essence. Where, as here, the contract did not make time of the essence, a party is entitled to a reasonable adjournment of the closing date to complete performance of its obligations (*see Chappaqua Bldg. Corp. v RGF Dev. Corp.*, 173 AD2d 671 [1991]).

Here, however, the plaintiffs did not require an adjournment, as the defendant cancelled the contract more than one month prior to the closing date. Therefore, the defendant's cancellation of the contract when the deadline for obtaining the lease

modification agreement had not yet passed, constituted a wrongful repudiation of the contract (*see American List Corp. v U.S. News & World Report*, 75 NY2d 38, 44 [1989]). The defendant had no grounds under the contract to refuse to consummate the purchase.

The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the first cause of action to recover the portion of the down payment already paid (*see Willsey v Gjuraj*, 65 AD3d 1228 [2009]; *New Colony Homes, Inc. v Long Is. Prop. Group, LLC*, 21 AD3d 1072 [2005]), and the second cause of action to recover the balance of the down payment. The plaintiffs established that the defendant defaulted on the contract, and the defendant failed to raise a triable issue of fact in opposition.

The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment with respect to the plaintiffs' third cause of action for a judgment declaring that the defendant was obligated to assume the tenant's lease obligations. The defendant established its entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact in opposition. The contract of sale and the lease modification agreement are not separate, independent agreements. In determining whether contracts are separable or entire, the primary standard is the intent manifested, viewed in the surrounding circumstances (*see Rudman v Cowles Communications*, 30 NY2d 1, 13 [1972]; *G.K. Alan Assoc. Inc. v Lazzari*, 66 AD3d 830 [2009]). Contracts remain separate unless their history and subject matter show them to be unified (*see Nancy Neale Enters. v Eventful Enters.*, 260 AD2d 453 [1999]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Williams*, 223 AD2d 395 [1996]). Here, the contract and the lease modification agreement deal with the same subject matter. The lease modification agreement is not supported by independent consideration (*cf. Wattenberg v Wattenberg*, 277 AD2d 69 [2000]). The two documents serve the same purpose and refer to each other. The evidence shows that the parties intended the two documents to be interdependent and to be read together (*cf. Schonfeld v Thompson*, 243 AD2d 343 [1997]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Clairmont*, 231 AD2d 239 [1997]).

Since this is, in part, a declaratory judgment action, the judgment appealed from should have included an appropriate declaration in favor of the defendant (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Covello, Florio and Hall, JJ., concur.