■ LEONARD A. SACKS et al., Appellants, v BISERKA KARGACIN, Respondent. [927 NYS2d 391]——

The plaintiff Leonard A. Sacks is the managing member of the plaintiff 138 Laurel, LLC (hereinafter Laurel). Laurel is the owner of real property located on Laurel Drive in Montauk upon which a newly constructed home is situated. In or around June 2008, the defendant entered into negotiations to purchase the subject property, resulting in the plaintiffs' attorney sending a proposed residential contract of sale to the defendant's attorney. The purchase price provided in the contract was $2,350,000. In an e-mail dated July 2, 2008, the defendant's attorney advised the plaintiffs' attorney that he had sent the proposed contract to his client and he inquired whether the down payment amount of $235,000 could be paid in two installments, specifically $60,000 at signing and the balance of $175,000 by August 1, 2008. On July 17, 2008, the defendant's attorney sent to the plaintiffs' attorney the contract which had been signed by the defendant and a check in the amount of $60,000. Accompanying the signed contract was a letter from the defendant's attorney stating that the balance of the down payment would be paid by August 1, 2008, "provided that all agreed upon major repairs/construction have been completed." In a letter dated July 25, 2008, the plaintiffs' attorney responded that he was enclosing two fully executed contracts and that he had deposited the $60,000 check into his escrow account. He did not address the issue raised by the defendant's counsel in the July 17, 2008, letter seeking to link the tender of the balance of the down payment with the completion of the "repairs/

construction" items. On July 27, 2008, the defendant visited the subject property and on July 28, 2008, the defendant's attorney advised the plaintiffs' attorney that the defendant did not wish to move forward with the transaction and that she had stopped payment on the $60,000 check. As a result, the plaintiffs commenced this action against the defendant to recover damages for breach of contract wherein they seek to recover, as is relevant here, the full down payment amount of $235,000 as liquidated damages. The Supreme Court denied the plaintiffs' motion for summary judgment on the first cause of action and granted the defendant's cross motion for summary judgment dismissing the complaint. We reverse.

The defendant contends that the parties amended the original contract by adding the conditions that the down payment be paid in two installments, namely $60,000 upon signing and the balance of $175,000 upon the completion of the repairs/construction items by August 1, 2008. However, even assuming that the contract of sale was modified as contended by the defendant, she nevertheless breached the contract by unilaterally canceling it before the August 1, 2008, date when performance was claimed to be due (*see 131 Heartland Blvd. Corp. v C.J. Jon Corp.*, 82 AD3d 1188, 1188-1189 [2011]).

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Rivera, J.P., Florio, Austin and Cohen, JJ., concur.