Weinberger v Estate of Irma Escort (2019 NY Slip Op 01816)





Weinberger v Estate of Irma Escort


2019 NY Slip Op 01816


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-03385
 (Index No. 503129/14)

[*1]Sam Weinberger, appellant, 
v
Estate of Irma Escort, et al., respondents.


Stein Farkas & Schwartz LLP, New York, NY (Gabriel S. Rosenberg and Danielle Siegal of counsel), for appellant.
The Kokolakis Law Firm, PLLC, Astoria, NY (John Kokolakis of cousnel), for respondents.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated March 21, 2017. The order granted the defendants' motion, inter alia, for summary judgment dismissing the complaint and denied the plaintiff's cross motion, among other things, to extend a notice of pendency.
ORDERED that the order is affirmed, with costs.
In July 2011, the parties entered into a residential contract of sale, whereby the plaintiff agreed to purchase, and the defendants agreed to sell, real property located on Franklin Avenue in Brooklyn for the sum of $495,000. A rider to the contract contained a specific provision governing objections to title, which provided that the parties expressly agreed that the defendants "shall not be required to perfect any defects in the title and ownership of the within premises." The provision was modified, however, by a handwritten addition that required the defendants to satisfy "voluntary liens, real estate tax and water sewer arrears, monies due under NYC Admin Code . . . [up to $2,500]." The title report ordered by the plaintiff revealed multiple objections to title, including several judgments for New York State tax warrants and federal tax liens. The defendants exercised their right to cancel the contract by returning the down-payment check and paying the plaintiff for the costs of the title examination, as required by the contract of sale. The plaintiff
rejected the attempted cancellation and commenced the instant action, inter alia, for specific performance of the contract.
The defendants moved, among other things, for summary judgment dismissing the complaint on the ground that their cancellation of the contract of sale was proper, and thus, did not constitute a breach thereof. The plaintiff opposed the motion and cross-moved, inter alia, to extend the notice of pendency for an additional three years. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The court determined that, pursuant to the terms of the contract and the rider, the defendants were not required to pay off the liens to clear the title and, [*2]therefore, the defendants established, prima facie, that they were entitled to cancel the contract. The court further determined that, in opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the motion was granted and the cross motion denied. The plaintiff appeals.
The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint. When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations (see 131 Heartland Blvd. Corp. v C.J. Jon Corp., 82 AD3d 1188, 1189; Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp., 43 AD3d 860; Correnti v Allstate Props., LLC, 38 AD3d 588). The court's role is limited to interpretation and enforcement of the terms agreed to by the parties, and the court may not rewrite the contract or impose additional terms which the parties failed to insert (see Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith, 85 NY2d 173, 182; 131 Heartland Blvd. Corp. v C.J. Jon Corp., 82 AD3d at 1189; Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446). Here, paragraph two of the rider clearly and unambiguously provided that the defendants had no obligation to perfect any defects in the title and that, upon return of the down payment and payment of costs of the title search to the plaintiff, the contract would be deemed "null and void." While that provision was modified by a handwritten addition of terms, the defendants also established, prima facie, that the liens identified in the title report did not fall within the terms of the handwritten addition.
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to articulate any legal argument as to how liens imposed by New York State and the federal government could be considered "voluntary," as that term was used in the handwritten addition to paragraph two of the rider and as defined in the law. Therefore, we agree with the Supreme Court's determination to grant the defendants' motion and to deny the plaintiff's cross motion.
The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court