Yang v Northwell Health, Inc. (2021 NY Slip Op 03483)





Yang v Northwell Health, Inc.


2021 NY Slip Op 03483


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-09711
2018-03595
 (Index No. 519926/16)

[*1]Paul Yang, etc., respondent-appellant,
v
Northwell Health, Inc., et al, appellants-respondents.


Garfunkel Wild, P.C., Great Neck, NY (Michael J. Keane and Jason Hsi of counsel), for appellants-respondents.
Hiller, P.C., New York, NY (Michael S. Hiller and Jason E. Zakai of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for breach of contract, (1) the defendants appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 8, 2017, and (2) the defendants appeal, and the plaintiff cross-appeals, from an order of the same court dated February 7, 2018. The order dated August 8, 2017, granted the plaintiff's motion for summary judgment on the issue of liability on the first, second, and third causes of action, sounding in contractual repudiation, wrongful termination in breach of an employment agreement, and failure to pay severance in breach of an employment agreement, respectively, and denied the defendants' cross motion for summary judgment dismissing the complaint and for summary judgment on its second counterclaim, for disgorgement of compensation paid to the plaintiff pursuant to the faithless servant doctrine. The order dated February 7, 2018, insofar as appealed from, described the defendants' counterclaim pursuant to the faithless servant doctrine as seeking to reduce the amount of severance owed to the plaintiff. The order dated February 7, 2018, insofar as cross-appealed from, denied the plaintiff's motion, in effect, for summary judgment on the issue of damages on the first cause of action, and granted that branch of the defendants' cross motion which was, in effect, to vacate so much of a prior order of the same court dated May 15, 2017, as stayed discovery on the defendants' counterclaim for disgorgement of compensation paid to the plaintiff pursuant to the faithless servant doctrine.
ORDERED that the defendants' appeal from the order dated February 7, 2018, is dismissed; and it is further,
ORDERED that the order dated August 8, 2017, is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on his first and second causes of action, and substituting therefor a provision denying those branches of the plaintiff's motion; and (2) by deleting the provision denying those branches of the defendants' cross motion which were for summary judgment dismissing the plaintiff's fourth and fifth causes of action, and substituting therefor a provision granting those branches of the defendants' cross motion; as so modified, the order dated August 8, 2017, is [*2]affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated February 7, 2018, is affirmed insofar as cross-appealed from, without costs or disbursements.
On September 27, 2013, the plaintiff allegedly entered into a four-year agreement with the defendants to be employed as a surgeon. The parties' agreement incorporated by reference the terms of the physician manual (hereinafter the manual) of the defendant North Shore-Long Island Jewish Health System, Inc. Section 2.8 of the manual permits termination without notice at "any time for cause."
The manual specifies eight grounds permitting termination "for cause." The manual further specifies that termination based on two of those eight grounds must be accompanied by prior written notice to the employee by overnight or personal delivery, and a 30-day opportunity for the employee to cure the alleged misconduct. As relevant to this action, an employee's "engagement in the practice of medicine, other than as an employee of [the defendants], without first having obtained [the defendants'] written approval" is a "for cause" basis for termination requiring the employer to give written notice and a 30-day period to cure.
The manual also permits termination "other than for cause" provided that full severance is paid to the employee. In the alternative, the manual permits, inter alia, advanced notice of termination in lieu of severance.
During the course of his employment with the defendants, the plaintiff allegedly practiced medicine for a third party without obtaining the defendants' prior permission.
By letter dated April 30, 2017, the defendants terminated the plaintiff's employment "for cause" based upon the alleged discovery that the plaintiff was "performing procedures at another facility . . . and engaging in the practice of medicine elsewhere without first obtaining the required approvals of your Chair." The termination was "effective immediately," without affording the plaintiff an opportunity to cure the alleged breach of his employment contract.
The plaintiff thereafter commenced this action asserting five causes of action. In his first cause of action, the plaintiff alleged that the defendants repudiated the agreement and that he was, therefore, entitled to the unpaid balance of his salary for the remainder of his contractual term, totaling approximately $1.87 million. In his second cause of action, which was pleaded in the alternative, he alleged wrongful termination and demanded damages in an amount to be set at trial. In his third cause of action, which was also pleaded in the alternative, the plaintiff alleged that the defendants breached the employment agreement by failing to pay him severance in accordance with the "other than for cause" termination procedure described in the manual. The plaintiff also asserted causes of action to recover damages for unfair competition and prima facie tort. In the defendants' answer, they asserted, inter alia, the faithless servant doctrine both as an affirmative defense and as a separate counterclaim in which they sought, as damages, disgorgement of any compensation paid to the plaintiff during his alleged period of disloyalty to the defendants.
The plaintiff moved for summary judgment on the issue of liability on the first through third causes of action. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint in its entirety and on their counterclaim based upon the faithless servant doctrine.
In an order dated August 8, 2017, the Supreme Court granted the plaintiffs' motion and denied the defendants' cross motion. Notably, in granting the plaintiff's motion, the court did not distinguish among the three alternatively-pleaded causes of action for which the plaintiff sought summary judgment. The defendants appeal from this order.
Thereafter, the plaintiff moved, in effect, for summary judgment on the issue of damages on the first cause of action, sounding in repudiation of the employment agreement, in the [*3]sum of $1,875,067.20 plus interest. The defendants opposed the motion and cross-moved, in effect, to vacate so much of a prior order dated May 15, 2017, as stayed discovery on their counterclaims. In an order dated February 7, 2018, the Supreme Court, inter alia, denied the plaintiff's motion and granted the defendants' cross motion. The defendants appeal, and the plaintiff cross-appeals, from the order dated February 7, 2018.
"When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations" (131 Heartland Blvd. Corp. v C.J. Jon Corp., 82 AD3d 1188, 1189). "The court's role is limited to interpretation and enforcement of terms agreed to by the parties, and the court may not rewrite the contract or impose additional terms which the parties failed to insert" (id. at 1189).
Here, the plaintiff met his prima facie burden on that branch of his motion which was for summary judgment on the third cause of action, which sought severance for breach of the employment agreement. The defendants failed to give the plaintiff notice and an opportunity to cure his alleged breach in engaging in the practice of medicine on behalf of an entity other than the defendants. Thus, under the plain terms of the contract, the termination constituted one falling within the "other than for cause" provision of the employment agreement, under which the plaintiff was contractually entitled to severance. In opposition, the defendants failed to raise a triable issue of fact (see Johnson v Andrea Radio Corp., 208 AD2d 682, 682).
However, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the first and second causes of action, as he failed to establish that the defendants repudiated the employment agreement, or that he was wrongfully terminated, where the agreement provided, in relevant part, for termination without cause.
The defendants failed to establish their prima facie entitlement to judgment as a matter of law on their counterclaim for disgorgement of compensation paid to the plaintiff pursuant to the faithless servant doctrine, as they failed to eliminate triable issues of fact as to whether the plaintiff was faithless in the performance of his services (see Feiger v Iral Jewelry, 41 NY2d 928, 929).
However, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the fourth cause of action, sounding in unfair competition, by establishing that they did not wrongfully divert the plaintiff's business to themselves (see Baldeo v Majeed, 150 AD3d 942, 944). In opposition, the plaintiff failed to raise a triable issue of fact.
Further, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the fifth cause of action, sounding in prima facie tort. With respect to the fifth cause of action, "'[t]he requisite elements for a cause of action sounding in prima facie tort include (1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, (4) by an act or series of acts which are otherwise legal'" (Edwards v Walsh, 169 AD3d 865, 869, quoting Diorio v Ossining Union Free School Dist., 96 AD3d 710, 712). "[T]he complaining party must have suffered specific and measurable loss, . . . 'i.e., the loss of something having economic or pecuniary value'" (Berland v Chi, 142 AD3d 1121, 1123, quoting Rufeh v Schwartz, 50 AD3d 1002, 1004 [internal quotation marks omitted]; see Liberman v Gelstein, 80 NY2d 429, 434-435). The defendants met their prima facie burden by demonstrating that the plaintiff did not suffer special damages as a result of their alleged tortious conduct (see Kowalczyk v McCullough, 55 AD3d 1208, 1210). In opposition, the plaintiff failed to raise a triable issue of fact.
Turning to the plaintiff's cross appeal from the order dated February 7, 2018, contrary to the plaintiff's contention, he failed to establish his prima facie entitlement to recover the sum of $1,875,067.20, representing his salary for the entire period remaining under the employment agreement at the time of his termination. Further, the Supreme Court providently exercised its discretion in vacating the discovery stay insofar as it pertained to the defendants' faithless servant [*4]counterclaim, as that counterclaim was pending and had never been dismissed by the court.
The defendants's appeal from the order dated February 7, 2018, must be dismissed. The defendants appealed from so much of that order as described their counterclaim pursuant to the faithless servant doctrine as seeking to reduce the amount of severance owed to the plaintiff. The defendants are not aggrieved by that portion of the order, which constituted dicta (see Waldorf v Waldorf, 117 AD3d 1035). A party is not aggrieved merely because it "disagrees with the particular findings, rationale or the opinion supporting" a judgment or order (Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545). That a decision "may contain language or reasoning which . . . parties deem adverse to their interests does not furnish them with a basis for standing to take an appeal" (Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473).
The parties' remaining contentions are without merit.
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court