Matter of Rooney v Salem (2024 NY Slip Op 03006)

Matter of Rooney v Salem

2024 NY Slip Op 03006

Decided on June 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-03839
 (Index No. 510577/24)

[*1]In the Matter of David Rooney, et al., petitioners- respondents, 
v
Khaled Salem, appellant, et al., respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Khaled Salem as a candidate in a primary election to be held on June 25, 2024, for the nomination of the Democratic Party as its candidate for the public office of United States Senator, Khaled Salem appeals from a final order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 7, 2024. The final order, inter alia, denied, as academic, the petition, among other things, to invalidate the designating petition and dismissed the proceeding.
ORDERED that the appeal is dismissed, without costs or disbursements, as the appellant is not aggrieved by the final order (see CPLR 5511).
On April 2, 2024, Khaled Salem submitted to the New York State Board of Elections (hereinafter the Board of Elections) a petition designating him as a candidate in a primary election to be held on June 25, 2024, for the nomination of the Democratic Party as its candidate for the public office of United States Senator. David Rooney filed general objections and specifications of objections to the designating petition with the Board of Elections.
On April 12, 2024, Rooney and Kirsten Gillibrand (hereinafter together the petitioners) commenced this proceeding against Salem and the Board of Elections pursuant to Election Law § 16-102, inter alia, to invalidate the designating petition. Salem subsequently moved pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition, among other things, to invalidate the designating petition. On May 1, 2024, the Board of Elections issued a final determination invalidating the designating petition on the ground that it violated certain statutory requirements.
In a final order dated May 7, 2024, the Supreme Court, inter alia, denied, as academic, the petition, among other things, to invalidate the designating petition and dismissed the proceeding. The court explained that because the Board of Elections invalidated the designating petition and Salem failed to timely and properly challenge the Board of Elections' final determination pursuant to Election Law § 16-102(2), there was no mechanism available that would allow Salem to challenge the Board of Elections' final determination. Therefore, the court concluded that the issues raised by the petitioners and Salem in this proceeding had become academic. Salem appeals.
Only an aggrieved party or a person substituted for him or her may appeal from an appealable judgment, order, or final order (see CPLR 5511; LaMarca v Quirk, 110 AD3d 808, 809). A person is aggrieved "when he or she asks for relief but that relief is denied in whole or in part" or "when someone asks for relief against him or her, which the person opposes, and the relief is granted [*2]in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157 [emphasis and footnotes omitted]; see Matter of Mahoney v Martin, 175 AD3d 1595, 1596).
Here, Salem moved to dismiss the petition, inter alia, to invalidate the designating petition. The final order appealed from denied, as academic, the petition, among other things, to invalidate the designating petition and dismissed the proceeding. That Salem disagreed with the particular findings or rationale of the final order did not render him aggrieved (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545; Yang v Northwell Health, Inc., 195 AD3d 662, 666).
Salem's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court