Matter of Hezekiah v Nichols
2026 NY Slip Op 03103
May 14, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Nathaniel Hezekiah III, etc., et al., petitioners-respondents,
v
Paul Nichols, appellant, Board of Elections of the City of New York, respondent-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 14, 2026
2026-04308, (Index No. 711034/26)
Francesca E. Connolly, J.P.
Linda Christopher
Helen Voutsinas
Elena Goldberg Velazquez, JJ.
[*1]
DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Paul Nichols as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 32nd Assembly District, Paul Nichols appeals from a final order of the Supreme Court, Queens County (Claudia Lanzetta, J.), entered April 28, 2026. The final order denied, as academic, the petition, inter alia, to invalidate the designating petition and dismissed the proceeding.
ORDERED that the appeal is dismissed, without costs or disbursements, as the appellant is not aggrieved by the final order (see CPLR 5511).
On April 2, 2026, Paul Nichols filed a petition with the Board of Elections in the City of New York (hereinafter the Board) designating himself as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 32nd Assembly District. Mylenia Reyes filed with the Board general objections and specifications of objections to the designating petition. On April 10, 2026, following a public hearing, the Board issued a determination invalidating the designating petition on the ground that it failed to comply with certain statutory requirements.
On April 14, 2026, Nichols commenced a proceeding by verified petition and order to show cause, inter alia, to validate the designating petition (hereinafter the first proceeding). In a final order entered April 28, 2026 (hereinafter the first order), the Supreme Court denied the petition, inter alia, to validate the designating petition and dismissed the first proceeding for lack of personal jurisdiction, determining that Nichols had failed to strictly comply with the service provisions set forth in the order to show cause.
On April 16, 2026, the petitioners, Nathaniel Hezekiah III, an aggrieved candidate, and Reyes, commenced this proceeding against Nichols and the Board pursuant to Election Law § 16-102, inter alia, to invalidate the designating petition. In a final order entered April 28, 2026, the Supreme Court denied, as academic, the petition, inter alia, to invalidate the designating petition and dismissed the proceeding. The court explained that because the Board invalidated the designating petition and determined that Nichols would not appear on the ballot and because the court had denied the petition, inter alia, to validate the designating petition in the first order, the petition, inter alia, to invalidate the designating petition was academic. However, the court further noted that if it had [*2]considered the merits, it would have granted the petitioners' application, as Nichols failed to meet the residency requirements for serving as a member of the New York State Assembly. Nichols appeals.
"Only an aggrieved party or a person substituted for him or her may appeal from an appealable judgment, order, or final order" (Matter of Rooney v Salem, 228 AD3d 600, 601; see CPLR 5511; LaMarca v Quirk, 110 AD3d 808, 809). A person is aggrieved "when he or she asks for relief but that relief is denied in whole or in part" or "when someone asks for relief against him or her, which the person opposes, and the relief is granted in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157 [emphasis and footnotes omitted]; see Matter of Rooney v Salem, 228 AD3d at 601). A party is not aggrieved merely because it "disagrees with the particular findings, rationale or the opinion supporting a judgment or order" (Yang v Northwell Health, Inc., 195 AD3d 662, 666 [internal quotation marks omitted]; see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545).
Here, Nichols sought dismissal of the petition, inter alia, to invalidate the designating petition in his answer. The final order denied, as academic, the petition, inter alia, to invalidate the designating petition and dismissed the proceeding. That Nichols disagreed with certain dicta in the final order regarding the merits of the petition, inter alia, to invalidate the designating petition does not render him aggrieved (see Matter of Rooney v Salem, 228 AD3d at 601; Yang v Northwell Health, Inc., 195 AD3d at 666).
Nichols's remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court