■ WILLIAM J. FUGELSANG, Respondent, v MARY F. FUGELSANG, Appellant.—In a matrimonial action in which the parties were divorced by judgment entered May 17, 1977, the defendant wife appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), entered June 23, 1986, as granted the

plaintiff husband's cross motion for the appointment of a receiver to sell the former marital residence to the extent of ordering the appraisal and sale of the marital residence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff husband's cross motion is denied in its entirety.

The parties were married in 1955. In August 1973 they entered into a written separation agreement, which provided, *inter alia,* that the defendant wife would have custody of the parties' six children, and would have exclusive use and occupancy of the marital residence until her election to vacate, her remarriage, or the emancipation of all of the children, whichever event occurred first, at which time the home would be sold, with the net proceeds divided between the parties.

On April 4, 1977, the parties appeared in the Supreme Court, Suffolk County, each seeking a judgment of divorce. At the inquest, the parties amended the separation agreement by stipulating that the marital residence would be immediately placed on the market, with the proceeds of the sale divided between the parties. The stipulation also provided that the plaintiff husband would have custody of the parties' children commencing with the closing of title to the marital residence.

On May 17, 1977, a judgment of divorce was entered which incorporated the terms of the stipulation and provided that the terms of the original separation agreement regarding custody, maintenance and child support would remain in full force and effect until the sale of the marital residence. The separation agreement was not merged in the judgment of divorce.

The marital residence has not been sold and the defendant wife continues to live there. The plaintiff husband never took custody of the parties' children, who, except for the youngest, a college student, are all emancipated.

By order to show cause dated October 18, 1985, the defendant wife moved for an order, *inter alia,* awarding her a money judgment for alimony and child support arrears. By notice of cross motion dated November 8, 1985, the plaintiff husband cross-moved for an order, *inter alia,* appointing a receiver to sell the former marital residence.

The Supreme Court, Nassau County (Collins, J.), ordered, *inter alia,* that the marital home be appraised and placed on the market. The defendant wife appeals from that portion of the court's order. This court granted a stay of that provision of the order pending determination of this appeal.

Clearly, both parties ignored the terms of the stipulation amending their separation agreement. The marital residence was never sold and the plaintiff husband never took custody of any of the parties' six children. Over eight years after they entered into the stipulation amending their separation agreement, during which time they adhered to the provisions of the original separation agreement, the plaintiff husband sought to enforce the provisions of the stipulation which called for the sale of the marital residence. However, at this point, all but the youngest child, who attends college, are emancipated.

It is readily apparent that it was a basic assumption upon which the stipulation was made that the former marital residence would be sold and that custody of the children would be transferred from the defendant wife to the plaintiff husband while their six children were in need of a custodial parent. The emancipation of 5 of the 6 children over the years has made it impossible for the plaintiff husband to perform the covenant of the stipulation respecting custody which was the consideration for the wife's agreeing to amend the provision of the separation agreement relating to exclusive occupancy of the marital home. Since the defendant wife cannot receive that which she bargained for, there is a failure of consideration.

Failure of consideration exists wherever one who has promised to give some performance fails without his or her fault to receive in some material respect the agreed quid pro quo for that performance. Failure of consideration gives the disappointed party the right to rescind the contract (6 Williston, Contracts § 814 [3d ed 1962]).

In the case at bar, the defendant wife can no longer receive the benefit she bargained for because of the passage of time and the subsequent emancipation of 5 of her 6 children. Therefore, she may opt to rescind the stipulation amending the separation agreement. In that event, the terms of the original separation agreement control and the former marital residence should be sold upon her election to vacate, her remarriage, or the emancipation of all of the children, whichever occurs first. Niehoff, J. P., Weinstein, Spatt and Harwood, JJ., concur.