■ ALEXANDER ASHKENAZI, Appellant, v KENT SOUTH ASSOCIATES, LLC, Respondent. [857 NYS2d 693]—

In an action, inter alia, for the return of down payments for the purchase of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated July 10, 2007, which, in effect, granted the defendant's motion for summary judgment on its first counterclaim to retain the down payments.

Ordered that the order is affirmed, with costs.

The plaintiff's contention that a provision in an agreement requiring 30 days notice to close is an express condition precedent is misplaced. A condition precedent is an " 'act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises' " (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.,* 86 NY2d 685, 690 [1995], citing Calamari and Perillo, Contracts § 11-2, at 438 [3d ed]). "[I]t must clearly appear from the agreement itself that the parties intended a provision to operate as a condition precedent" (*Kass v Kass,* 235 AD2d 150, 159 [1997], *affd* 91 NY2d 554 [1998]). If the language is in any way ambiguous, the law does not favor a construction which creates a condition precedent (*see Kass v Kass,* 235 AD2d at 159). A contractual duty will not be construed as a condition

precedent absent clear language showing that the parties intended to make it a condition (*see Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576 [1992]).

There is nothing contained within the language of the purchase agreements at issue to support the plaintiff's argument that the 30-day provision was meant to be a condition precedent to the performance of the agreements (*see Gucci Am., Inc. v Sample Sale Wholesalers, Ltd.,* 39 AD3d 271 [2007]).

Moreover, the plaintiff was provided with three notices regarding closing on the properties, including one which advised that failure to close would be deemed a default. The plaintiff had more than 90 days from the defendant's initial notice that it was ready to close, yet the plaintiff failed to take any action to close, to object, or to seek an adjournment (*see Zev v Merman,* 134 AD2d 555, 558 [1987], *affd* 73 NY2d 781 [1988]).

The defendant established its prima facie entitlement to summary judgment on its counterclaim that the plaintiff was in breach and that it was entitled to retain the down payments (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment on its first counterclaim. Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.