■ MARK T. SCHOBER, Respondent, v HUDSON VALLEY HUMANE SOCIETY FOR PREVENTION OF CRUELTY TO ANIMALS, INC., Appellant, et al., Defendants. [933 NYS2d 58]—

In this action to foreclose a mortgage, on November 30, 2009, the plaintiff, Mark T. Schober, and the defendant Hudson Valley Humane Society for the Prevention of Cruelty to Animals, Inc. (hereinafter HVHS), entered into a stipulation of settlement in open court, pursuant to which HVHS agreed to pay Schober the sum of $18,375, "[i]n return for which . . . Schober will deliver to . . . HVHS a stipulation canceling the notice of pendency or lis pendens, and also HVHS and . . . Schober will exchange with each other mutual general releases." On December 3, 2009, Schober sent draft documents to HVHS for comment, including an additional document not required by the stipulation of settlement, a draft satisfaction of a mortgage. In response, HVHS requested an assignment of the mortgage to its new mortgagee, rather than a satisfaction. Schober refused to deliver an assignment, insisting that the stipulation of settlement required a satisfaction rather than an assignment.

During December 2009 the parties continued to disagree on this point. On December 31, 2009, HVHS agreed to accept a satisfaction of the mortgage. On that date, and again on January 11, 2010, HVHS contacted Schober to arrange an exchange of the documents for the settlement amount, manifesting HVHS's present intent and ability to pay. On January 12, 2010, Schober refused to schedule the exchange unless HVHS also paid the administration fee for funds paid to Schober out of court by the county treasury (see CPLR 8010 [1]). HVHS did not agree to pay the fee, which it was not obligated to pay under the stipulation of settlement, and moved to cancel the notice of pendency, inter alia, on the ground that HVHS had performed all of its obligations. In an order dated June 11, 2010, the Supreme Court granted HVHS's motion. Schober subsequently demanded payment of the settlement amount, advising HVHS that, in the interim, the notice of pendency had expired by operation of law on May 24, 2010, and the Supreme Court, in a separate order at the conclusion of litigation between Schober and the defendant Pamela A. Martinez, had directed the recording of a satisfaction of mortgage. HVHS refused to pay, and Schober moved to

enforce so much of the stipulation of settlement as required HVHS to pay the sum of $18,375 to him.

"A so-ordered stipulation is a contract between the parties thereto and as such, is binding on them and will be construed in accordance with contract principles and the parties' intent" (*Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d 446, 447 [2006] [internal quotation marks omitted]; *see Alshawhati v Zandani*, 82 AD3d 805, 807 [2011]; *Nishman v De Marco*, 76 AD2d 360, 366 [1980]). Where the agreement contains concurrent conditions, it is a condition of each party's duties that the other party either render performance or, with manifested present ability to do so, offer performance of his part of the exchange (*see* Restatement [Second] of Contracts § 238; 15 Lord, Williston on Contracts § 47:5 [4th ed]). Here, on December 31, 2009, HVHS offered performance of its part of the exchange with manifested present intent and ability to pay. On the record presented, HVHS's offer to perform was timely (*see Ben Zev v Merman*, 73 NY2d 781, 783 [1988]; *cf. Savasta v 470 Newport Assoc.*, 82 NY2d 763, 765 [1993]), and it gave rise to Schober's obligation to perform. However, Schober failed to perform and insisted on additional payment not called for under the stipulation of settlement. Pursuant to the unambiguous terms of the stipulation of settlement, Schober was required to execute and deliver a stipulation of cancellation of the notice of pendency and a general release. Schober's obligations were not discharged by the subsequent expiration of the notice of pendency by operation of law and the court-ordered recording of a satisfaction of mortgage. HVHS did not receive the agreed-upon consideration and had the right to rescind the contract (*see Sciuto v Iannucci Food Corp.*, 219 AD2d 635 [1995]; *Fugelsang v Fugelsang*, 131 AD2d 810, 812 [1987]). Accordingly, the Supreme Court should have denied that branch of Schober's motion which was to enforce so much of the stipulation of settlement as required HVHS to pay the sum of $18,375 to Schober.

Schober's remaining contention is without merit. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.