ELIZABETH TYNDALL, Appellant, v GEORGE TYNDALL, Respondent. [42 NYS3d 250]—

Appeal by the plaintiff from an order of the Supreme Court, Orange County (Carol S. Klein, J.), dated February 11, 2014. The order, insofar as appealed from, after a hearing, granted those branches of the defendant's motion which were to enforce provisions of the parties' stipulation of settlement with respect to the former marital residence and the parties' debt to the Internal Revenue Service for tax year 2008.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were divorced by a judgment dated November 20, 2009. In August 2010, the defendant moved to hold the plaintiff in contempt for failing to fulfill her obligations under the judgment. The plaintiff cross-moved to hold the defendant in contempt.

On November 10, 2011, the parties placed on the record a stipulation resolving the issues underlying the motion and the cross motion. The terms of the stipulation were reduced to an order of the Supreme Court, dated June 15, 2012. As is relevant to this appeal, the order directed that the plaintiff shall have exclusive ownership of the former marital residence and shall "remove the defendant's name from both the home equity line of credit and the first mortgage." The order further directed that if within six months of the parties' stipulation, the plaintiff was not able "to remove the defendant's name from liability on the notes & mortgage[,] then the residence shall be sold." Further, the order stated that in exchange for the defendant's interest in the former marital residence, the plaintiff agreed to

waive any interest she may have in the defendant's MetLife account. The order also stated that each party would be responsible for paying half of a debt owed to the Internal Revenue Service (hereinafter IRS) regarding tax year 2008.

In June 2013, the defendant moved, inter alia, to enforce certain provisions of the stipulation, as set forth in the order dated June 15, 2012. The plaintiff cross-moved, inter alia, to enforce certain provisions of the stipulation. The plaintiff appeals from so much of an order of the Supreme Court dated February 11, 2014, as, after a hearing, granted those branches of the defendant's motion which were to enforce the stipulation by directing the plaintiff to (a) remove the defendant's name from a mortgage and home equity loan no later than January 20, 2014, or else place the former marital residence on the market for immediate sale on January 20, 2014, and (b) pay the defendant the amount of $7,500, representing one-half of the parties' 2008 IRS liability, which had been paid in full by the defendant. On appeal, the plaintiff contends that the defendant had failed to satisfy a condition precedent to the plaintiff's obligations under the stipulation in that he had failed to provide her with certain information and documents regarding the MetLife account and the 2008 debt to the IRS.

" 'A so-ordered stipulation is a contract between the parties thereto and as such, is binding on them and will be construed in accordance with contract principles and the parties' intent' " (*Schober v Hudson Val. Humane Socy. for Prevention of Cruelty to Animals, Inc.*, 89 AD3d 715, 717 [2011], quoting *Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d 446, 447 [2006]). " '[A] condition precedent is an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises' " (*IDT Corp. v Tyco Group, S.A.R.L.*, 13 NY3d 209, 214 [2009], quoting *Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995]). " '[I]t must clearly appear from the agreement itself that the parties intended a provision to operate as a condition precedent[.]' . . . If the language is in any way ambiguous, the law does not favor a construction which creates a condition precedent" (*Ashkenazi v Kent S. Assoc., LLC*, 51 AD3d 611, 611 [2008], quoting *Kass v Kass*, 235 AD2d 150, 159 [1997], *affd* 91 NY2d 554 [1998]). "[A] contractual duty ordinarily will not be construed as a condition precedent absent clear language showing that the parties intended to make it a condition" (*Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 581 [1992]).

Here, neither the transcript of the November 10, 2011

proceedings, nor the language of the order dated June 15, 2012 support the plaintiff's contention that the defendant's production of certain information and documents regarding the MetLife account and the IRS debt constituted a condition precedent to the plaintiff's obligations under the stipulation. Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were to enforce the stipulation by directing the plaintiff to (a) remove the defendant's name from a mortgage and home equity loan no later than January 20, 2014, or else place the former marital residence on the market for immediate sale on January 20, 2014, and (b) pay the defendant the amount of $7,500. Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.