Deutsche Bank Natl. Trust Co. v Hossain (2022 NY Slip Op 06110)

Deutsche Bank Natl. Trust Co. v Hossain

2022 NY Slip Op 06110

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-12484
 (Index No. 705257/16)

[*1]Deutsche Bank National Trust Company, etc., respondent-appellant, 
v
Jahangir Hossain, et al., defendants, Wells Fargo Bank, NA, appellant-respondent.

Solomon & Siris, P.C., Garden City, NY (Bill Tsevis, Jamie L. Plisner, and Erin E. Wietecha of counsel), for appellant-respondent.
Houser, LLP, New York, NY (Jordan Schur of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant Wells Fargo Bank, NA, appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated August 14, 2019. The order, insofar as appealed from, denied the cross motion of the defendant Wells Fargo Bank, NA, for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against that defendant.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On March 2, 2007, the defendant Jahangir Hossain executed a note in favor of American Home Mortgage, which was secured by a mortgage on certain real property in Queens (hereinafter the 2007 mortgage). In January 2009, the plaintiff, as the assignee and alleged holder of the 2007 mortgage and note, commenced an action to foreclose the mortgage. On May 24, 2009, during the pendency of the foreclosure action, a satisfaction of the 2007 mortgage was recorded, indicating that the 2007 mortgage was fully paid and discharged. Thereafter, on October 8, 2009, the defendant Jivanbhai Chaudhari, then the owner of the subject property, executed a note in favor of the defendant Residential Home Division, LLC (hereinafter Residential Home), which was secured by a mortgage against the property (hereinafter the 2009 mortgage). In June 2010, Residential Home assigned the 2009 mortgage and corresponding note to the defendant Wells Fargo Bank, NA (hereinafter Wells Fargo).
In May 2016, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to the property, alleging that the satisfaction of the 2007 mortgage was unauthorized and fraudulent, and that the plaintiff held a "first position lien" against the property. Wells Fargo interposed an answer asserting affirmative defenses, including, in effect, that it was a good faith lender who took the property without notice of the plaintiff's interest, and that it held a "superior interest" to the plaintiff. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against Wells Fargo, and Wells Fargo cross-moved [*2]for summary judgment dismissing the complaint insofar as asserted against it. In an order dated August 14, 2019, the Supreme Court, inter alia, denied that branch of the plaintiff's motion and denied Wells Fargo's cross motion. Wells Fargo appeals and the plaintiff cross-appeals.
Contrary to the plaintiff's contention, it failed to establish its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against Wells Fargo. In support of its motion, the plaintiff relied on an affidavit from Dana Vera, senior contract manager for Ocwen Loan Servicing, LLC, the "loan subservicer," who averred that the satisfaction of mortgage was not authorized by the plaintiff. However, Vera did not identify the basis of her purported knowledge concerning the satisfaction of mortgage, as she did not indicate that she had reviewed the records of the plaintiff or any records in existence at the time the satisfaction of mortgage was recorded in May 2009 (see Onewest Bank, FSB v Michel, 143 AD3d 869, 871). Further, the assertions raised by the plaintiff's attorney in his memorandum of law regarding the satisfaction of mortgage were insufficient to satisfy the plaintiff's prima facie burden, since the attorney did not indicate that he had personal knowledge of the relevant facts (see Green Tree Servicing, LLC v Ferando, 172 AD3d 1010, 1012-1013).
Furthermore, contrary to Wells Fargo's contention, it failed to establish its prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against it. Since there was a claim of a priority interest based on an earlier fraudulent satisfaction of mortgage, Wells Fargo had the burden on its cross motion to establish, prima facie, that it had "no knowledge of the alleged fraud or of facts that would have led a reasonable mortgagee to make inquiry of the possible fraud" (2386 Hempstead, Inc. v 182 St., Inc., 184 AD3d 783, 785). Where such facts exist, "[a] mortgagee who fails to make such an inquiry is not a bona fide encumbrancer for value" (Booth v Ameriquest Mtge. Co., 63 AD3d 769, 769). Here, Wells Fargo failed to establish, prima facie, that its assignor had no knowledge of facts that would have led a reasonable mortgagee to make inquiry of possible fraud (see Bank of Am., N.A. v Snyder, 154 AD3d 671, 672; Onewest Bank, FSB v Michel, 143 AD3d at 872).
Wells Fargo's remaining contention is without merit.
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Wells Fargo, and properly denied Wells Fargo's cross motion for summary judgment dismissing the complaint insofar as asserted against it.
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court