Albert v Afanador (2025 NY Slip Op 02301)

Albert v Afanador

2025 NY Slip Op 02301

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2020-02630
 (Index No. 70267/14)

[*1]Ivan Albert, et al., respondents, 
v
Wilson Afanador, appellant, et al., defendant.

Luis A. Pagan, Riverhead, NY, for appellant.
McGiff Halverson Dooley, LLP, Patchogue, NY (Thomas E. Murray III of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Wilson Afanador appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated January 16, 2020. The order, insofar as appealed from, (1) denied the motion of the defendant Wilson Afanador to vacate a judgment of the same court (Jerry Garguilo, J.) dated May 9, 2017, which, upon an order of the same court dated February 17, 2017, granting that branch of the plaintiffs' motion which was for summary judgment on the second cause of action insofar as asserted against the defendant Wilson Afanador, is in favor of the plaintiffs and against the defendant Wilson Afanador in the total sum of $20,478.21, (2) granted those branches of the plaintiffs' cross-motion which were for summary judgment on the first cause of action insofar as asserted against the defendant Wilson Afanador and dismissing that defendant's seventh counterclaim, and (3) denied the cross-motion of the defendant Wilson Afanador for summary judgment on his counterclaims and dismissing the complaint insofar as asserted against him.
ORDERED that the order dated January 16, 2020, is affirmed insofar as appealed from, with costs.
The plaintiffs, Ivan Albert and Ralph's of Port Jefferson, Inc., commenced this action against the defendant Wilson Afanador, Albert's former business partner, and another defendant. The complaint asserted, inter alia, causes of action alleging breach of contract (first cause of action) and to recover on a promissory note in the sum of $20,000 (second cause of action). Afanador answered and asserted counterclaims.
In an order dated February 17, 2017, the Supreme Court granted that branch of the plaintiffs' motion which was for summary judgment on the second cause of action, to recover on the promissory note, insofar as asserted against Afanador. A judgment, upon the order, was entered in favor of the plaintiffs and against Afanador in the total sum of $20,478.21.
Thereafter, Afanador moved pursuant to CPLR 5015(a) to vacate the judgment based on newly discovered evidence and fraud, misrepresentation, or other misconduct. The plaintiffs cross-moved, among other things, for summary judgment on the first cause of action insofar as asserted against Afanador and dismissing the seventh counterclaim. Afanador cross-moved for [*2]summary judgment on the counterclaims and dismissing the complaint insofar as asserted against him.
In an order dated January 16, 2020, the Supreme Court, inter alia, denied Afanador's motion pursuant to CPLR 5015(a) to vacate the judgment, granted those branches of the plaintiffs' cross-motion which were for summary judgment on the first cause of action insofar as asserted against Afanador and dismissing the seventh counterclaim, and denied Afanador's cross-motion. Afanador appeals.
The Supreme Court properly denied Afanador's motion pursuant to CPLR 5015(a) to vacate the judgment. "Under CPLR 5015(a), a court is empowered to vacate a default judgment for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). Here, even if the evidence relied on by Afanador could be considered newly discovered, he failed to establish that such evidence would probably have produced a different result (see Kondaur Capital Corp. v Stewart, 166 AD3d 748, 749). Further, Afanador failed to demonstrate that the plaintiffs procured the judgment through "fraud, misrepresentation, or other misconduct" (CPLR 5015[a][3]; see Woodson v Mendon Leasing Corp., 100 NY2d at 70; Carmike Holding I, LLC v Smith, 180 AD3d 744, 748).
The Supreme Court properly granted that branch of the plaintiffs' cross-motion which was for summary judgment on the first cause of action, alleging breach of contract, insofar as asserted against Afanador. "[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [internal quotation marks omitted]). Here, the plaintiffs made a prima facie showing that pursuant to an agreement signed by the parties, Afanador was required to indemnify the plaintiffs for any outstanding sales tax liabilities and that Afanador breached this agreement by failing to indemnify the plaintiffs for payments made to the New York State Department of Taxation and Finance to satisfy these outstanding sales tax liabilities. In opposition, Afanador failed to raise a triable issue of fact. Since the subject provision of the agreement was unambiguous, Afanador's attempt to introduce extrinsic evidence to alter the terms of the agreement is prohibited by the parol evidence rule, as well as by the agreement's merger clause (see Schron v Troutman Sanders LLP, 20 NY3d 430, 437; Denenberg v Schaeffer, 137 AD3d 1197, 1198). Furthermore, the language of the agreement does not support Afanador's contention that its notice provision was meant to be a condition precedent to Afanador's obligations under the agreement (see Tyndall v Tyndall, 144 AD3d 1015, 1017; Ashkenazi v Kent S. Assoc., LLC, 51 AD3d 611, 612).
Further, the Supreme Court properly denied that branch of Afanador's cross-motion which was for summary judgment on the first through sixth counterclaims. Afanador failed to establish his prima facie entitlement to judgment as a matter of law on those counterclaims. The assertions raised by Afanador's attorney in his affirmation were insufficient to satisfy Afanador's prima facie burden, since the attorney did not indicate that he had personal knowledge of the relevant facts (see Deutsche Bank Natl. Trust Co. v Hossain, 210 AD3d 638, 640; United Specialty Ins. v Columbia Cas. Co., 186 AD3d 650, 651).
Afanador's remaining contentions either are without merit or have been rendered academic in light of our determination.
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court