Leader v Steinway, Inc. (2025 NY Slip Op 05227)

Leader v Steinway, Inc.

2025 NY Slip Op 05227

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-03176
 (Index No. 727537/21)

[*1]Mervin T. Leader, etc., respondent, 
v
Steinway, Inc., et al., appellants, et al., defendants.

Nicole E. Lesperance, Melville, NY (Scott W. Driver of counsel), for appellants.
G. Wesley Simpson, P.C., Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendants Steinway, Inc., and Steinway and Sons appeal from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), dated December 1, 2023. The order, insofar as appealed from, in effect, denied those branches of those defendants' motion which were for summary judgment dismissing the causes of action alleging preimpact terror and conscious pain and suffering insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2014, Jada M. Butts (hereinafter the decedent) and others were passengers in a vehicle operated by Andrew J. Gramm when Gramm lost control of the vehicle while traveling down a dead-end road abutting the property of the defendants Steinway, Inc., and Steinway and Sons (hereinafter together the defendants). The vehicle traveled off the road and down an embankment and into a creek, resulting in the death of the decedent and three other passengers. In May 2016, the plaintiff, as administrator of the decedent's estate, commenced this action to recover damages for wrongful death, preimpact terror, conscious pain and suffering, and loss of support. The plaintiff alleged, inter alia, that the defendants were negligent in removing or failing to maintain a barrier at the end of the road, which would have blocked access to the embankment and the creek. The defendants moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated December 1, 2023, the Supreme Court, inter alia, in effect, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging preimpact terror and conscious pain and suffering insofar as asserted against them. The defendants appeal.
"Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property" (Amparo v Christopher One Corp., 225 AD3d 652, 653 [internal quotation marks omitted]). "In the absence of ownership, occupancy, control, or special use, a party generally cannot be held liable for injuries caused by the dangerous or defective condition of the property" (id. [internal quotation marks omitted]).
Here, the defendants failed to establish, prima facie, that they did not own, occupy, control, or make special use of the property at issue (see Neill v Cinema de Lux, 198 AD3d 974, 976; Greenbaum v Bare Meats, Inc., 178 AD3d 775, 776). The defendants submitted an affidavit of Bill Rigos, the director of facilities and equipment of Steinway, Inc., who attested that he was in charge of overseeing the defendants' property. Although Rigos stated that the defendants did not own the property, he failed to adequately state the basis for that knowledge (see Deutsche Bank Natl. Trust Co. v Hossain, 210 AD3d 638, 639-640; Matter of DiMaggio v Division of Hous. & Community Renewal, 248 AD2d 533, 535). While the defendants and Rigos relied on a survey in support of the defendants' contention that the defendants did not own the property at issue, the survey was not in admissible form since it "was unaccompanied by an affidavit from the surveyor explaining or interpreting the survey" (Seaman v Three Vil. Garden Club, Inc., 67 AD3d 889, 890; see City of New York v Gowanus Indus. Park, Inc., 65 AD3d 1071, 1073), and did not otherwise address the ownership or use of the property.
The defendants also failed to establish, prima facie, that they did not breach a duty to the decedent. Although the defendants' engineering expert, Richard Egan, opined that the dead end did not require a barrier due to the design of the road, that opinion was conclusory (see Snyder v AFCO Avports Mgt., LLC, 232 AD3d 209, 219).
The defendants also failed to establish, prima facie, that they did not proximately cause the accident. "There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Ibas v Peralta, 237 AD3d 680, 681 [internal quotation marks omitted]). Here, while the defendants contend that the driver of the vehicle proximately caused the accident, they failed to produce any evidence to suggest that their failure to maintain a barrier at the end of the dead-end road was not also a proximate cause of the accident (see Gutelle v City of New York, 55 NY2d 794, 796).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly, in effect, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging preimpact terror and conscious pain and suffering insofar as asserted against them.
CONNOLLY, J.P., VOUTSINAS, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court