■ DAVID SELIGMAN et al., Appellants, v MOUNT ARARAT CEMETERY, INC., Respondent.—In an action, *inter alia,* for declaratory relief and to recover damages for the infliction of emotional distress, plaintiffs appeal from an order of the Supreme Court, Nassau County (Molloy, J.), entered April 18, 1984, which granted defendant's motion for summary judgment and dismissed the complaint.

Order modified, on the law, by deleting the provision dismissing the complaint, and substituting therefor a provision declaring that the contract for the purchase of the cemetery

plot in question prohibits the burial of any person not of the Jewish faith in one of the graves. As so modified, order affirmed, with costs to defendant.

In this action, plaintiff David Seligman, suing on his own behalf and on behalf of his two minor children, seeks a declaration of rights under a contract for the purchase of a cemetery plot, and damages for emotional distress and mental anguish based upon an alleged breach of that contract. The controversy arose when defendant, Mount Ararat Cemetery, Inc., refused to allow plaintiff David Seligman to bury his deceased wife, Anne M. Seligman, a non-Jew, in one of the graves, on the ground that under the contract of purchase only Jews were permitted to be buried in the cemetery. The contract for the purchase of the cemetery plot which had been entered into by plaintiff's father, Seymour Seligman, contained a printed clause which provided that the plot was "for the burial of persons of Jewish persuasion only". The contract also contained a handwritten clause which provided that the "right of burial is restricted to the descendants and spouses of the above-named owners [Seymour Seligman and his wife, Gertrude]".

We agree with Special Term that reading the contract as a whole, defendant's interpretation must prevail. In construing a contract, every part should be interpreted with reference to the whole and, if possible, it should be interpreted so as to give effect to its central purpose (*Williams Press v State of New York,* 37 NY2d 434). In this case, the contract clearly states that the plots were for the burial of persons of the Jewish persuasion only. The record also disclosed that the general rules and regulations of the entire cemetery, which are incorporated by reference into the contract, have, from the founding of the cemetery in 1928 until the present day, consistently provided that only persons of the Jewish faith may be buried there.

We do not find that this clause is either rendered ambiguous or contradicted by the language of the handwritten clause restricting the right of burial to descendants and spouses of the owner. Rather, we find that the two clauses may be read together so as to mean that burials in the plot are restricted to individuals of the Jewish faith, with the further restriction that they be either descendants or spouses of the owners. If we were to interpret the contract to permit the burial of all descendants and spouses of the owners regardless of their faith, it would render the typewritten clause meaningless. The contract, on its face, evidences a clear intent to limit burials

in the cemetery plot to persons of the Jewish faith, and we decline to construe these two clauses so as to frustrate that intent where there is an alternative basis for construing them consistently.

While this construction mandates an unfortunate result for the plaintiffs' family, we do not find that the result is contrary to public policy. There is a countervailing public policy which supports the enforcement of restrictions, such as here, which limit burial in a cemetery to persons of a particular religious faith (*see,* Not-For-Profit Corporation Law § 1512 [d] [D]).

Further, in light of our decision upholding defendant's interpretation of the contract, we do not need to address plaintiffs' claim for damages.

Finally, while we agree with Special Term that defendant was entitled to summary judgment based upon the contract, it was error to dismiss the complaint. Rather, the court should have made a declaration in defendant's favor (*see, Mangicapre v Town of Hempstead,* 97 AD2d 788; *Blitz v Town of New Castle,* 94 AD2d 92). Gibbons, J. P, Bracken, Brown and O'Connor, JJ., concur.