■ Mid-Island Shopping Plaza Co., Appellant, v Nathan's Famous of Hicksville, Inc., Respondent, and Delco Development Mid-Island Co., Appellant.—In an action to recover damages for breach of a commercial lease, (1) the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (DiPaola, J.), dated August 17, 1987, as granted, in part, the defendant's motion for summary judgment declaring the defendant's obligation to pay "percentage rent" pursuant to the terms of the lease and denied the plaintiff's cross motion for summary judgment and (2) the additional counterclaim defendant separately appeals from so much of the same order as granted, in part, the defendant's motion for summary judgment and denied its cross motion for summary judgment dismissing the counterclaim.

Ordered that the appeal by the additional counterclaim defendant is dismissed, without costs or disbursements, for failure to perfect the appeal in accordance with the rules of this court (22 NYCRR 670.20 [f]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff, with costs.

The commercial lease in the matter at bar provides, inter alia, that the tenant, Nathan's Famous of Hicksville, Inc. (hereinafter Nathan's), is obligated to pay a minimum rent as

defined in the lease, and a "percentage rent", which consists of expressly designated percentages of its gross sales to the extent that they exceed the minimum rent. The instant controversy centers upon the correct method of computing percentage rent.

Interpreting this lease with reference to the whole and construing it so as to give effect to its central purpose *(see, Seligman v Mount Ararat Cemetery,* 112 AD2d 928), it is clear that the Supreme Court's interpretation was correct. Paragraph 14A of the lease expressly provides in pertinent part that "all minimum rents * * * shall be increased for the succeeding calendar year by multiplying the minimum rents * * * by the percentage of increase, if any, in the 'Consumer Price Index' ". Contrary to the appellant's contentions, this language unambiguously thus provides that the minimum rent which serves as the break point above which Nathan's must also pay a percentage rent, shall be subject to an upward adjustment by factoring in Consumer Price Index increases. None of the other provisions of the original lease or of any of the purported subsequent amendments evince that the parties intended a contrary result. As the language of the lease unambiguously recited the parties' intentions, partial summary judgment was properly awarded to the defendant *(see, Chimart Assocs. v Paul,* 66 NY2d 570). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.