■ HUDSON VALLEY PROPERTIES AND RENTALS, INC., Appellant, v URSULINE PROVINCIALATE, EASTERN PROVINCE OF THE UNITED STATES, INC., et al., Respondents. [633 NYS2d 592] —In an action, *inter alia,* to declare the validity of the cancellation of a contract for the sale of real property, and for a return of the down payment, the plaintiff Hudson Valley Properties and Rentals, Inc., appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Jiudice, J.), dated May 18, 1994, which denied its motion for summary judgment and granted the defendants summary judgment.

Ordered that the order and judgment is reversed, on the law, with costs, the plaintiff's motion is granted, and the matter is remitted to the Supreme Court, Dutchess County, for entry of a judgment in the plaintiff's favor in the principal sum of $96,000, and declaring the contract validly canceled.

On July 24, 1989, the plaintiff and the defendant seller entered into a contract of sale of a large parcel of real property located partially in the City of Beacon. The contract provided,

in pertinent part: "TWENTY-FOURTH. In the event that any government agency having jurisdiction over the development of the premises imposes a moratorium on application and/or processing and/or approval of zoning, planning, building, subdivision, environmental and/or utility connections for Purchaser's proposed development of the premises with one (1) family dwellings, it is agreed that all time periods between closing of Contract and closing of title will be extended on a one for one basis, to wit, for each day of moratorium, there will be a corresponding one day of extension of time. However, if, as a result of any such moratorium, the time is extended for a total of one (1) year, in excess of the expiration times of all other contract time periods, then either party may cancel this Contract by mailing notice of cancellation pursuant to the 'notice' requirements of paragraph TWENTY-FIRST. In the event of such cancellation, Seller shall return the down payment or 'earnest money' to the Purchaser".

By letter dated February 28, 1992, the plaintiff invoked the provisions of article 24 to extend its time to cancel the contract. The defendant seller's attorney, in a letter dated March 10, 1992, in reply, noted that the Dutchess County Department of Health "would not review projects" until the City of Beacon's problems with its water supply were resolved, and did not dispute the plaintiff's right to an extension.

On March 10, 1993, the plaintiff sent the seller a notice of cancellation pursuant to article 24, contending that a moratorium was in effect. The defendant seller refused to return the down payment, and the instant action ensued.

The Supreme Court granted the defendants summary judgment, on the grounds that (1) article 24 only applied to a "prospective event" occurring after the contract was signed, while the purported moratorium imposed by the Dutchess County Department of Health was in effect since 1986, before the contract was signed, and (2) the Dutchess County Department of Health had not imposed a moratorium within the meaning of the contract. We disagree.

Contrary to the defendant seller's contention, the language of article 24 should not be interpreted as applying only to a "prospective event". The contractual language does not specify that it is only applicable to events occurring after the contract was executed. The apparent purpose of article 24 was to delay the closing or permit cancellation if development were halted or delayed by a moratorium from "any government agency". If the language of article 24 could not apply to a "moratorium" continuously in effect prior to and during the entire period of

the contract, its terms would be rendered meaningless. It is well settled that a contract should not be so interpreted as to render its terms meaningless *(see, De Lillo Constr. Co. v Lizza & Sons,* 7 NY2d 102; *Seligman v Mount Ararat Cemetery,* 112 AD2d 928).

Further, it is clear from the record that the Dutchess County Department of Health imposed a moratorium on all subdivisions in the City of Beacon in excess of four or five lots. The defendant seller's attorney, in his letter dated March 10, 1992, acknowledged that such was the case.

Accordingly, the plaintiff was entitled to cancel the contract pursuant to article 24 and is entitled to return of its down payment. Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.