■ ZAKI GIVATI, Appellant, v AIR TECHNIQUES, INC., Respondent. [960 NYS2d 196]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Driscoll, J.), entered July 29, 2011, as, upon a decision of the same court dated July 7, 2011, made after a nonjury trial, is in favor of the defendant and against him dismissing the cause of action alleging breach of contract.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In the mid-1990s, the defendant wished to develop a digital X ray imaging system using phosphor plates for image capture. To this end, it contracted with the plaintiff and his partner Yehuda Rosenstock (hereinafter together the partners) to build a working model and then a pre-production prototype. The parties' October 1995 agreement provided that the partners would be compensated, inter alia, via a "technology fee" based upon the defendant's use of technology developed during "the project," a term which the agreement did not define.

In early 1998, the defendant became dissatisfied with the partners' progress. In April 1998, the parties entered into a new agreement which "terminate[d] the [October 1995] Agreement" and "clos[ed] the Project." The April 1998 agreement again provided for a "technology fee" payable based upon the defendant's use of technology developed during "the project," which again was not defined.

The defendant and its parent company thereafter developed a phosphor plate imaging system which, on appeal, the plaintiff concedes does not incorporate technology he or Rosenstock invented. However, he commenced this action alleging that both the April 1998 agreement and the parties' October 1995 agreement used the term "project" to mean all of the defendant's efforts to develop phosphor plate imaging. He further alleged that the product ultimately marketed by the defendant, while distinct from the partners' prototype, was part of the same project which, he maintains, was not terminated by the parties' April 1998 agreement. The Supreme Court, after a nonjury trial, entered a judgment, inter alia, in favor of the defendant and against the plaintiff dismissing the cause of action alleging breach of contract.

A court's fundamental objective in interpreting a contract is to determine the parties' intent from the language employed and to fulfill their reasonable expectations (*see St. John's Univ., N.Y. v Butler Rogers Baskett Architects, P.C.*, 92 AD3d 761, 764 [2012]; *131 Heartland Blvd. Corp. v C.J. Jon Corp.*, 82 AD3d 1188, 1189 [2011]). In so doing, a court should not read a contract so as to render any term, phrase, or provision meaningless or superfluous (*see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]; *Lawyers' Fund for Client Protection of State of N.Y. v Bank Leumi Trust Co. of N.Y.*, 94 NY2d 398, 404 [2000]; *Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403 [1984]; *McQuade v McQuade*, 67 AD3d 867, 869 [2009]; *Hudson Val. Props. & Rentals v Ursuline Provincialate, E. Province of U.S.*, 221 AD2d 507, 509 [1995]). Instead, "the entire contract must be reviewed and '[p]articular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby. Form should not prevail over substance and a sensible meaning of words should be sought' " (*Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.*, 13 NY3d 398, 404 [2009], quoting *Atwater & Co. v Panama R.R. Co.*, 246 NY 519, 524 [1927]; *see Brad H. v City of New York*, 17 NY3d 180, 185 [2011]; *Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]).

" 'In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses' " (*Quadrozzi v Estate of Quadrozzi*, 99 AD3d 688, 691 [2012], quoting *BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d

883, 884 [2011]; *see Fernandez v Price*, 63 AD3d 672, 675 [2009]; *Flexible Bus. Sys., Inc. v Dag Media, Inc.*, 49 AD3d 808 [2008]; *see also Tornheim v Blue & White Food Prods. Corp.*, 88 AD3d 867, 868 [2011], *cert denied* 568 US —, 133 S Ct 436 [2012]). Here, the record supports the Supreme Court's determination that, based on the course of the parties' dealings, the term "project" encompassed only the development task assigned to the partners, which was terminated by the April 1998 agreement, and that the partners would be entitled to a technology fee only if the defendant used technology they had developed. Likewise, the court's determination was consistent with the fundamental tenets of contract interpretation that a court should seek an interpretation which fulfills the parties' reasonable expectations (*see St. John's Univ., N.Y. v Butler Rogers Baskett Architects, P.C.*, 92 AD3d at 764; *131 Heartland Blvd. Corp. v C.J. Jon Corp.*, 82 AD3d at 1189) and which gives all parts of the contract full force and effect (*see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d at 374; *Lawyers' Fund for Client Protection of State of N.Y. v Bank Leumi Trust Co. of N.Y.*, 94 NY2d at 404; *Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d at 403; *McQuade v McQuade*, 67 AD3d at 869; *Hudson Val. Props. & Rentals v Ursuline Provincialate, E. Province of U.S.*, 221 AD2d at 509). Accordingly, the court properly entered judgment in favor of the defendant and against the plaintiff dismissing the cause of action alleging breach of contract. Eng, P.J., Rivera, Lott and Miller, JJ., concur.