Matter of LaBarbera v New York City Dept. of Educ. (2025 NY Slip Op 04569)

Matter of LaBarbera v New York City Dept. of Educ.

2025 NY Slip Op 04569

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-05071
2023-05072
 (Index No. 85001/23)

[*1]In the Matter of Jennifer LaBarbera, respondent,
v
New York City Department of Education, appellant.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Richard Dearing, Claude S. Platton, and Josh Liebman of counsel), for appellant.
Christina Martinez, Staten Island, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Education dated August 31, 2022, which denied the petitioner's request for a religious exemption from a COVID-19 vaccine mandate, the New York City Department of Education appeals from (1) an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated April 4, 2023, and (2) a judgment of the same court dated May 15, 2023. The order, inter alia, directed that the petition be granted and that the petitioner be reinstated to her full employment status. The judgment, among other things, granted the petition, annulled the determination dated August 31, 2022, and awarded the petitioner the principal of sum of $90,555.63 in back pay and the sum of $31,095 in attorneys' fees.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof awarding the petitioner the sum of $31,095 in attorneys' fees; as so modified, the judgment is affirmed, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
In 2021, the petitioner was employed by the New York City Department of Education (hereinafter DOE) as a preschool teacher. In August 2021, the New York City Commissioner of Health and Mental Hygiene issued a mandate requiring all DOE employees to provide proof of COVID-19 vaccination (hereinafter the vaccine mandate). In September 2021, the vaccine mandate was amended to add that "[n]othing in this [mandate] shall be construed to prohibit any reasonable accommodations otherwise required by law."
On November 24, 2021, pursuant to an arbitration award between DOE and the petitioner's union (hereinafter the arbitration award), the petitioner was placed on leave without pay while remaining eligible for health benefits. Pursuant to the arbitration award, the petitioner was given the option to comply with the vaccine mandate, retire, resign, or remain on unpaid leave with health benefits until September 6, 2022. The petitioner chose to extend her leave without pay [*2]through September 6, 2022. She signed a release and waiver dated November 30, 2021 (hereinafter the waiver), which provides, in part, "I understand that if I have not returned by September 6, 2022, I shall be deemed to have voluntarily resigned and knowingly waive my rights to challenge such resignation."
On August 19, 2022, the petitioner submitted a request for a religious exemption from the vaccine mandate. In a determination dated August 31, 2022, DOE denied the request, finding that her application failed to meet the criteria for a religious-based accommodation. The denial did not mention the waiver.
The petitioner remained on leave without pay and retained her health benefits through September 6, 2022. Because she did not return to work by September 6, 2022, DOE deemed that, pursuant to the terms of the waiver and the arbitration award, she had voluntarily resigned as of September 6, 2022.
On December 30, 2022, the petitioner commenced this proceeding pursuant to CPLR article 78, challenging DOE's denial of her request for a religious exemption and seeking reinstatement to her position as a teacher and an award of back pay and attorneys' fees. By order dated April 4, 2023, the Supreme Court, inter alia, directed that the petition be granted and that the petitioner be reinstated to her full employment status. In a judgment dated May 15, 2023, the court, among other things, granted the petition, annulled the determination dated August 31, 2022, directed that the petitioner was entitled to a religious exemption from the vaccine mandate, and awarded her the principal of sum of $90,555.63 in back pay and the sum of $31,095 in attorneys' fees. DOE appeals from both the order and the judgment.
The appeal from the order must be dismissed, as no appeal lies as of right from an intermediate order entered in a proceeding pursuant to CPLR article 78 (see CPLR 5701[b][1]), and any possibility of taking a direct appeal therefrom terminated with the entry of the judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On this appeal, DOE contends that the waiver expressly precludes the petitioner's claims in this proceeding and, therefore, the proceeding should have been dismissed. The waiver at issue is a contract, and its construction is governed by contract law (see 159 MP Corp. v Redbridge Bedford, LLC, 33 NY3d 353, 359; see Ming Long Liu v Kirkwood, 222 AD3d 861, 862). "A court's fundamental objective in interpreting a contract is to determine the parties' intent from the language employed and to fulfill their reasonable expectations" (Givati v Air Techniques, Inc., 104 AD3d 644, 645). For that reason, "a court should not read a contract so as to render any term, phrase, or provision meaningless or superfluous," but should give effect to all of the contract's provisions (id.; see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374).
Here, the Supreme Court concluded that the waiver was limited in scope to claims based on "events up to and including the date of signing" (emphasis omitted). This interpretation is erroneous. The court focused myopically on a portion of the waiver stating, "[i]n exchange for the right to return [to work] and extended health benefits . . . I agree to waive and release the DOE and any of its present or former employees or agents . . . from any and all claims, liabilities, or causes of action which were or could have been asserted by me against [them] based upon anything that has happened up to now and including the date of the execution of this [waiver]." However, prior to that portion, the waiver clearly provides, in pertinent part, "I understand that if I have not returned by September 6, 2022, I shall be deemed to have voluntarily resigned and knowingly waive my rights to challenge such resignation, including, but not limited to, through a contractual or statutory disciplinary process," and further, "I understand that I have the right to return to employment at any time prior to September 6, 2022, if I provide to the DOE documentation that I have complied with the [vaccine mandate] and inform the DOE that I seek to return before September 6, 2022." Contrary to the court's erroneous interpretation, the waiver generally bars a challenge to the petitioner's [*3]voluntary resignation, even if such challenge is based on conduct that occurred after the date of the waiver—i.e., November 30, 2021.
However, as acknowledged by DOE, the petitioner's "contractual promise not to challenge her resignation was not a waiver of her right to seek an accommodation." It follows that it was not a waiver of her right to seek a religious exemption. The clear terms of the waiver, as premised on the arbitration award, permitted the petitioner to comply with the vaccine mandate and return to work by September 6, 2022. One way to comply with the vaccine mandate was for the petitioner to get vaccinated. Another was to successfully obtain a religious exemption and reasonable accommodation. As noted, the vaccine mandate did not preclude reasonable accommodations. If the petitioner had successfully obtained an exemption and concomitant accommodation during the applicable time period, she would have been in compliance with the vaccine mandate and been able to return to work. Therefore, contrary to DOE's position, the waiver did not preclude this proceeding to challenge DOE's denial of the petitioner's request for a religious exemption.
On this appeal, DOE does not challenge the Supreme Court's determination that DOE's denial of the petitioner's request for a religious exemption was arbitrary and capricious. Therefore, as per the court's determination, prior to September 6, 2022, the petitioner was entitled to a religious exemption from the vaccine mandate, and DOE does not contest that determination on this appeal. Accordingly, we affirm the court's determination in this regard.
However, since an award of attorneys' fees is not authorized by agreement between the parties, by statute, or by court rule, the Supreme Court improperly awarded attorneys' fees to the petitioner (see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5; Matter of Ferrera v New York City Dept. of Educ., 230 AD3d 772, 774; Matter of McCrudden v Putnam Val. Cent. School Dist., 88 AD3d 721, 722).
The petitioner's remaining contentions need not be reached in light of our determination.
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court